Case 1:14-cr-00085-KOB-JHE Document 37 Filed 12/17/14 Page 1 of 3

FILED
2014 Dec-17 AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | |
| } | |
| **ROY DANIEL ELLENBURG,** } | Case No.: 1:14-cr-00085-KOB-JHE-1 |
| } | |
| **Defendant.** } | |
| } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant Roy Daniel Ellenburg's motions for certification and/or notification of constitutional challenge to statute pursuant to Rule 5.1, FED. R. CIV. P., (doc. 33); for relief from judgment pursuant to Rule 60, FED. R. CIV. P., (doc. 34); and requesting a special discovery hearing to determine if the level of court-appointed representation was adequate, (doc. 35). **For the reasons set out below, Defendant's motions, (docs. 33 and 34); are due to be DENIED and Defendant's motion, (doc. 35), is to be handled by the Clerk as directed herein.**

Defendant's first motion seeks "to challenge an unconstitutional statute based on the premise that the statute was enacted in contravention of basic federalist principles." (Doc. 33 at 1). Specifically, he challenges 18 U.S.C. § 2422(b) on the ground its language is so broad as to encompass more than the United State Constitution gives Congress the power to regulate. (*Id.* at 7-10). However, Defendant has not been indicted on, pled guilty to, or sentenced for violation of 18 U.S.C. § 2422(b) so, even if the Court were to find the statute unconstitutional, Defendant has not alleged any injury from the statute from which the Court could provide him relief. Therefore, Defendant lacks standing to challenge 18 U.S.C. § 2422(b) in this case. *See Palm*

*Beach Golf Ctr.-Boca, Inc. v. Sarris*, 771 F.3d 1274, 1280 (11th Cir. 2014) ("In order to establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."). *Cf. Bond v. United States*, -- U.S. ---, 131 S. Ct. 2355, 2367 (2011) (holding a defendant had standing to challenge a statute on federalism grounds where a favorable ruling would require reversal of her conviction); *id.* at 2368 (Ginsburg, J., concurring) ("The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact § 229. Her claim that it does not must be considered and decided on the merits."). Defendant's first motion is due to be **DENIED**.

Defendant's second motion seeks relief from his conviction under Rule 60, FED. R. CIV. P., based on allegations of a fraud upon the Court. (Doc. 34). Although Defendant contends Rule 60, "in its language, does not preclude relief of void judgment in a criminal proceeding," (*id.* at 2), "Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that '[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature'" and, therefore, Rule 60 "simply does not provide for relief from judgment in a criminal case," *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). These claims should be brought in a criminal appeal or § 2255 motion seeking relief from his conviction and sentence. *See id.*; 28 U.S.C. § 2255. Defendant's second motion is due to be **DENIED**.

Defendant's third motion seeks a special discovery hearing to determine whether he had adequate representation under 18 U.S.C. § 3006A and moves the Court to appoint "adequate counsel for the purpose of executing his petition to the Supreme Court of the United States for Writ of Habeas Corpus." (Doc. 35). Section 3006A sets out the process by which the district courts are to ensure representation to individuals who cannot afford it, but it does not provide a process for reviewing that representation. *See* 18 U.S.C. § 3006A. Defendant appears to be

asserting claims for relief (such as ineffective assistance of counsel and the invalidity of his plea) that are more properly brought in a motion under 28 U.S.C. § 2255. (*See* doc. 35). Therefore, the Court will construe Defendant's third motion as a motion under § 2255.

Accordingly, it is **ORDERED**:

1. The Clerk is **DIRECTED** to convert Defendant's third motion, (doc. 35), into a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255;

2. The Clerk is **FURTHER DIRECTED** to serve a copy of this Order on Defendant, along with a copy of the § 2255 motion form, marked "Amended Motion," and identified with Defendant's name and case number; and

3. Defendant is **ORDERED** to file an amended motion on the § 2255 motion form **within thirty days** of the date the Clerk files his motion as a § 2255.

**DONE** and **ORDERED** on December 17, 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE